## Slota, Appellant, *v.* The Albert Lewis Lumber & Manufacturing Company.

*Negligence—Master and servant—Crossing railroad track—Falling under train—Contributory negligence.*

In an action against a lumber company to recover damages for personal injuries a nonsuit is properly entered, where it appears that the plaintiff was ordered by the defendant's foreman to cross a railroad track in order to load cars, that on a part of the track in question there was standing a train of cars with a locomotive attached, not under the control of defendant; that the plaintiff instead of going over the cars or around them, stooped down and crawled under the cars, and while in this position was injured by the starting of the train.

Argued April 9, 1906. Appeal, No. 271, Jan. T., 1905, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1895, No. 247, refusing to take off nonsuit in case of John Slota v. The Albert Lewis Lumber & Manufacturing Co., and the Lehigh Valley Railroad Company. Before MITCHELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*S. S. Herring*, with him *E. A. Lynch*, for appellant.—The case was for the jury : Lee v. Woolsey, 109 Pa. 124; Wood-

ward v. Shumpp, 120 Pa. 458; Patterson v. R. R. Co., 76
Pa. 389; Reese v. Clark, 198 Pa. 312; Dallemand v. Saalfeldt,
48 L. R. A. 753; Stephens v. Hannibal, etc., R. R. Co., 96 Mo.
207 (9 S. W. Repr. 589); Moline Plow Co. v. Anderson, 19
Ill. App. 417; Shortel v. St. Joseph City, 104 Mo. 114 (16
S. W. Repr. 397); Keegan v. Kavanaugh, 62 Mo. 230; Lo-
frano v. New York, etc. Water Co., 55 Hun, 452 (8 N. Y. Supp.
717); Newbury v. Lumber, etc., Co., 100 Iowa, 441 (69 N. W.
Repr. 743); Ill. Steel Co. v. Schymanowski, 162 Ill. 447 (44
N. E. Repr. 876); Hawkins v. Johnson, 105 Ind. 29 (4 N. E.
Repr. 172); Haley v. Case, 142 Mass. 316 (7 N. E. Repr. 877);
Stackman v. Ry. Co., 80 Wis. 428 (50 N. W. Repr. 404); Of-
futt v. World's Columbian Exposition, 175 Ill. 472 (51 N. E.
Repr. 651); Norfolk, etc., R. R. Co. v. Ward, 90 Va. 687 (19
S. E. Repr. 849).

*Henry A. Fuller*, with him *Paul Bedford*, for appellee.

OPINION BY MR JUSTICE POTTER, May 24, 1906 :

The plaintiff in this case was injured while attempting to
cross under the bumpers of two adjacent railroad cars.  The
evidence does not show that he was ordered to go under the
bumpers.  It does show that in order to complete the work in
which they were engaged, he, in common with his fellow
laborers, was ordered to go across the track upon which a train
of cars was standing, attached to an engine.

Some of the men went around the end of the train, some
went between the cars, climbing over the bumpers, while the
plaintiff, actuated no doubt by a desire to make haste, stooped
down and attempted to crawl under.  During this attempt the
train started, and plaintiff was injured.

Nothing is more commonly recognized as dangerous than
such an attempt as this to go under a train which is liable to
start or be moved at any time.  It does not appear from the
evidence who started the train, but it is averred in the declara-
tion that the engineer of the railroad company quickly moved
the train, and thus caused the injury to the plaintiff.

The employer of the plaintiff was the lumber company, and
neither it nor its employees were shown to have had any con-
trol over the movement of the cars.  The accident was not the

direct result of the order given to the plaintiff to go across the track, but it came by reason of the negligent way in which he attempted to perform the act of crossing. Of course he assumed that he would have time to pass under before the train started, but this assumption involved an altogether needless risk. The man directly in front of him climbed over the bumpers, and no reason is shown why the plaintiff could not have crossed in the same way, with considerably less risk to himself.

This case is not to be classed with those in which a servant is ordered by the master to perform some particular act, and is injured while doing the specific thing he was ordered to do, and in the manner directed. The thing which the plaintiff was here ordered to do, was to cross over the tracks and load lumber upon the cars from the opposite side. The main purpose which he was to accomplish, and the work which he was to perform, was the loading of the lumber upon the cars. The manner in which he crossed the track to do the work was necessarily, to some extent at least, in his own control. We cannot regard the order of the foreman as a direction to him to crawl under the bumpers, and thus place himself in a peculiarly dangerous and helpless condition, in case the train should be started. Under the evidence as a whole, we see no error in the refusal to take off the nonsuit.

The judgment is affirmed.